Isabelle **KAGLE**, Plaintiff,

v.

The **PENNSYLVANIA RAILROAD COMPANY**, Defendant.

Civ. No. 30275.

United States District Court
N. D. Ohio, E. D.

June 29, 1956.

**PHILADELPHIA DRESSED BEEF CO.**

**v.**

**WILSON & CO., Inc., Enterprise Tallow & Grease Co., Baugh & Sons Co., Keystone Rendering Co., Van Iderstine Co., Edward D. Smith, Sr., Henry J. Smith and Robert E. Smith, individually and doing business as Independent Manufacturing Co., a partnership, Francis X. Smith, doing business as American Rendering Co.**

**Civ. A. No. 20096.**

United States District Court
E. D. Pennsylvania.

June 14, 1956.

Howard Metzenbaum, Robert R. Disbro, Elmer I. Schwartz, Cleveland, Ohio, for plaintiff.

Geo. H. P. Lacey, Charles F. Clarke, Jr., Cleveland, Ohio, for defendant.

JONES, Chief Judge.

The defendant objects to the taxing as costs the expense of taking depositions. No question is raised about the item being a proper one, either in amount or as to its propriety. The defendant's objections is that when the case was marked settled at defendant's costs it was not within the defendant's understanding that deposition costs would be included. The plaintiff denies that there was any understanding with reference to the items of costs.

The court is unable to resolve the conflicting statements of counsel as to any understanding respecting costs. The stipulation provides for the dismissal at defendant's costs and this must be the only reasonable guide to decision of the question. The depositions were proper items of taxable costs and the plaintiff has supported this by a proper bill of costs under affidavit. The objections therefore will be denied.